# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CHERYL ANN MENDEZ,

      CASE NO.:

    Plaintiff,

vs.

WAL-MART STORES EAST LP,

    Defendant.

_____/

## DEFENDANT'S PETITION FOR REMOVAL

COMES NOW Defendant WAL-MART STORES EAST LP by and through its undersigned counsel hereby petitions for Removal of the above-styled action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the same is now pending as Case No. CACE 21-006532 to this Court. Removal is proper on the following grounds:

1. Plaintiff commenced a civil action in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *CHERYL ANN MENDEZ vs. WAL-MART STORES EAST LP*, Case No. CACE 21-006532. *See* Plaintiff's Complaint in the State Court Action attached hereto as an Exhibit.

2. The Summons and Complaint in this case were served upon Defendant, WAL-MART STORES EAST LP, on or about April 1, 2021.

3. In pertinent part, Plaintiff Mendez alleges that she slipped and fell while walking through the parking lot in front of the Walmart located at 4301 S. University Drive, Davie, Florida 33328.

4.      Pursuant to Sections 1332, 1441(b) and 1446 of Title 28 of the United States Code, Defendant, WAL-MART STORES EAST LP, hereby removes the action in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *CHERYL ANN MENDEZ vs. WAL-MART STORES EAST LP*, Case No. CACE 21-006532.

5.      Removal is proper and appropriate under 28 U.S.C §1332, which allows for District Court jurisdiction over, "all civil action where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. §§1332, 1441, 1446.

### Grounds for Removal

Plaintiff's action may be removed to federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1332(a)(1) (stating the requirements for diversity jurisdiction). As set forth below, Plaintiff's action satisfies both of these jurisdictional requirements.

Diversity of citizenship exists in this case, because this is a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1). In determining a person's citizenship for purposes of diversity jurisdiction, "citizenship is equivalent to 'domicile.'" McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. (citation and quotations omitted). Furthermore, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity

jurisdiction, a party's domicile is equivalent to his citizenship." Katz v. J.C. Penney Corp., 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (internal citations omitted).

According to Plaintiff's Complaint, the Plaintiff is a resident of Broward County, Florida. Defendant Walmart Stores East LP, at all relevant times, was and still is a Delaware Limited Partnership with its principal place of business in Arkansas. *See* Sunbiz Report attached as Ex "B". WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

Second, this action satisfies the amount in controversy requirement for purposes of removal, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees. Id. "[W]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. A district court may consider any pre-suit settlement offers and demands in evaluating whether a case has been

properly removed. Katz, 2009 1532129, at *4 (citation omitted).  Plaintiff's demand is attached to as Exhibit "A".

Although Plaintiff's Complaint fails to allege a specific value of the requested relief, it alleges damages in excess of $30,000. The Plaintiff, in fact, seeks to recover damages exceeding $75,000.  In support of this posture, the Plaintiff has produced medical bills in the amount of $78,820.95 and has made a presuit demand in the amount of $500,000.  See Exhibit "B" attached hereto.  Indeed, Defendant believes that this issue is uncontested.

Accordingly, because the amount in controversy in this action exceeds the jurisdictional requirement and because citizenship of the parties are diverse, this action provides a basis for original diversity jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## Venue

Plaintiff's action is pending in state court in Broward County, Florida which is within this judicial district and division.  See 28 U.S.C §89(b). This Court is the proper venue for removal under 28 U.S.C. §§1441(a), 1446(a).

## Timeliness

As aforementioned, Defendant was served on April 1, 2021. Defendant has sought removal within thirty days from the date that Plaintiff's Complaint was served on and received by the Defendant. Accordingly, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b) (stating notice of removal must be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based).

**Notice**

As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal to the Plaintiff and will file a copy of it with the clerk of the state court.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that this action, previously pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Florida, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

WHEREFORE, Defendant, WAL-MART STORES EAST LP, by and through its undersigned attorney, respectfully requests that this matter be removed and that this Honorable Court grant such other and additional relief as is otherwise proper.

Dated: April 30, 2021

                                              Respectfully Submitted,

                                              MARSHALL DENNEHEY

BY:   s/ Alan C. Nash, Esq.
        ALAN C. NASH, ESQ.
        Florida Bar Number: 0051267
        acnash@mdwcg.com
        2400 E. Commercial Blvd., Suite 1100
        Fort Lauderdale, FL 33308
        Telephone: 954-847-4920
        Facsimile: 954-627-6640
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on April 30, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Gary B. Englander, Esq.
Englander Peebles
6499 Powerline Road, Suite 204
Ft. Lauderdale, FL 33309
[pleadings@ftinjurylaw.com]

                                MARSHALL DENNEHEY

                                BY:   s/ Alan C. Nash, Esq.
                                          ALAN C. NASH, ESQ.